# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**A.F. BEAZLEY—SYNDICATE #2623 SUBSCRIBING TO POLICY NUMBERS THBZB02529 AND B1230XS0255, and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER B1230XS0255,**

**Plaintiffs,**

**v.** **Case No. 6:26-cv-2521-JA-CAB**

**KING OF FREIGHT LLC and KENDY HERNANDEZ ANDINO,**

**Defendants.**

---

## ORDER

This case is before the Court on review of the Complaint (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Complaint (Doc. 1), Plaintiffs base federal jurisdiction on diversity

of citizenship under 28 U.S.C. § 1332. But Plaintiffs have not sufficiently pleaded diversity of citizenship.[1]

Plaintiffs have properly identified their own citizenship and that of Defendant Andino. However, Plaintiffs have not sufficiently alleged the citizenship of Defendant King of Freight LLC. Plaintiffs allege that King of Freight LLC is "a Kansas corporation, with is principal place of business . . . in Wichita, Kansas." (Doc. 1 at 4). However, as evidenced by its name and other evidence in the record, Defendant King of Freight LLC is not a corporation but a limited liability company. (*See, e.g.*, Doc. 1-4 at 2 (stating that King of Freight LLC is "a Kansas Limited Liability Company")).

And "a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir.

---

[1] Plaintiffs assert in the Complaint that the amount in controversy exceeds $75,000 as required for diversity jurisdiction because "[t]he underlying tort claim . . . is for a vehicular collision that resulted in bodily injuries" and "[t]he limit of liability of the primary insurance policy at issue is [$1 million] . . . and the limit of liability of the excess insurance policy at issue is" $5 million. (Doc. 1 ¶ 20). The policy limits, however, are not determinative of the amount in controversy, and the description of the accident is vague and does not describe the nature or extent of the injuries.

Nevertheless, the underlying state court complaint—attached to the Complaint as an exhibit—provides sufficient detail to satisfy the Court that the requisite amount in controversy is met here. (*See* Doc. 1-2 ¶ 20 (describing the accident as the overturning of a truck loaded with unsecured cargo that resulted in the injured person being "transported from the scene via helicopter to the hospital" and suffering "significant and permanent injuries including but not limited to spinal fractures requiring emergency surgery[] and severe burns on and about her body")).

2011) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). "To sufficiently allege the citizenship[] of [a limited liability company], a party must list the citizenships of all the members of the limited liability company. . . ." *Id.* (last alteration in original) (quoting *Rolling Greens*, 374 F.3d at 1022). Because Plaintiffs have not identified the members of King of Freight LLC or the citizenships of the members, the Court cannot ascertain whether the parties are of diverse citizenship.

Accordingly, it is **ORDERED** as follows:

1. The Complaint (Doc. 1) is dismissed without prejudice.

2. **No later than November 13, 2026,** Plaintiffs shall file an amended complaint that establishes the citizenship of Defendant King of Freight LLC.

**DONE** and **ORDERED** in Orlando, Florida, on November 2nd, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties